UNITED STATES of America, Appellee

v.

**Rodney M. WILSON, Appellant.**

No. 07–3007.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 9, 2008.

Roy Wallace Mcleese, III, Assistant U.S. Attorney, U.S. Attorney's Office, (USA) Criminal Appellate, Washington, DC, for Appellee.

Daniel Kevin Dorsey, Dorsey & Associates, Washington, DC, for Appellant.

BEFORE: SENTELLE and HENDERSON, Circuit Judges, and WILLIAMS, Senior Circuit Judge.*

### *JUDGMENT*

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and argument of counsel. It is

**ORDERED** that the judgment from which this appeal has been taken be affirmed. On November 17, 2004, Appellant Rodney M. Wilson was arrested in Arlington County, Virginia for distribution of crack cocaine. Supplemental Incident Rep. 1. While in custody he told police that he had a gun and "one or two" ounces of marijuana in his District of Columbia apartment. *Id.* Officers obtained a warrant and searched Wilson's apartment, recovering approximately 4 ounces of marijuana, two firearms and ammunition. *Id.* On April 28, 2006, Wilson pleaded guilty to one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1).

In the Presentence Investigation Report (PSR), the Probation Office concluded that, because Wilson had possessed the firearms in connection with a felony offense (i.e., possession of marijuana with intent to distribute), he should receive a four-level specific offense characteristic en-

---

* Senior Circuit Judge Williams files the at-   tached separate concurring statement.

hancement to his total offense level under the United States Sentencing Guidelines (Guidelines). *See, e.g.,* Appellant's Br. 18; Tr. 1/5/07 at 5. The four-level enhancement increased the Guidelines' range from 46–57 months to 70–87 months. Wilson disputed the PSR's conclusions, arguing initially that the marijuana found in his apartment was not intended for sale, *see* Def.'s Mem. in Aid of Sentencing 5, and later that it was for sale but that his sons were the distributors. *See* Tr. 10/24/06 at 8. The district court sentenced Wilson to 70 months' incarceration, followed by three years of supervised release and a 500–hour drug treatment program. Tr. 1/5/07 at 25–27.

Wilson argues that the district court "abused it's [sic] discretion by applying a four level enhancement to Wilson's sentence without any proof that Wilson possessed a firearm in connection with a felony offense" and that "Wilson had a Sixth Amendment right to have the government prove that Wilson ... possess[ed] the 104 grams of marijuana for distribution." Appellant's Br. 23. But the district court, recognizing the advisory nature of the Guidelines, *see United States v. Booker,* 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), determined that a 70–month sentence would be reasonable even if the 104 grams of marijuana were not at issue. *See* Tr. 1/5/07 at 14–16 ("I think what we're talking about [i.e., the 104 grams of marijuana] is sort of an academic discussion, because ... the guidelines are only advisory at this point. . . . [W]hether the 104 ... grams of marijuana are counted against him under the guidelines or not, I wouldn't be inclined to give him less [than a 70–month] sentence anyhow. . . .").

We conclude that the district court's decision to sentence Wilson to a sentence of 70 months was "reasonable." *See Booker,* 543 U.S. at 261–62, 125 S.Ct. 738 (sentencing decisions reviewed under "reasonable-

ness standard"). A sentence which exceeds a Guidelines range is reasonable if it "effectuates the purposes of sentencing" as enumerated in 18 U.S.C. § 3553(a). *United States v. Pickett,* 475 F.3d 1347, 1352 (D.C.Cir.2007). The district court explained that in light of Wilson's two prior drug-related convictions, his pending Virginia crack cocaine charges, his previous violation of the conditions of his probation, his likelihood of recidivism and the harm caused to society by the drug trade, the 46–57 months' sentence was insufficient. *See* Tr. 1/5/07 at 14–17. The court imposed a sentence that was 13 months above the upper end of the Guidelines range without the four-level enhancement. In light of the district court's consideration of the section 3553(a) sentencing factors, the sentence was not unreasonable. *See, e.g., United States v. Dorcely,* 454 F.3d 366, 370, 374–76 (D.C.Cir.2006).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

WILLIAMS, Senior Circuit Judge, concurring:

One feature that makes this case quite easy is that, although the district court did not affirmatively determine that Wilson's possession of the firearms was in connection with a felony (possession of the marijuana with intent to distribute), Wilson's own position on the matter compelled that conclusion. His sole "defense" against the enhancement was that while he possessed marijuana intended for sale, his sons were to be the actual distributors. Thus Wilson's argument on the issue left the court free to find that Wilson's weapons offense was in connection with a felony, justifying application of a four-level enhancement.

With the enhancement, the sentence fell at the low end of the Guidelines range.